**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
Baltimore Division

In Re:
Paul James Chittum, Jr.,
Debtor.

Case No. 24-17173-DER

Chapter 7

* * * * * * * * * * * *

RONALD BROWN
385 Cove Drive SE
Caledonia, MI 49316

PLAINTIFF

v.

PAUL JAMES CHITTUM, JR.
45 Wishing Rock Road
Pasadena, MD 21122

DEFENDANT

ADVERSARY NO.: 24-00294

* * * * * * * * * * * *

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Comes now Debtor, Paul Chittum, Jr., by and through his attorneys William A. Grafton, Esq. and Grafton Firm, LLC and hereby moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Bankr. P. 12, Fed. R. Civ. P. 9, and Fed. R. Bankr. P. 7009 to dismiss the Complaint in this case for failing to state a claim upon which relief can be granted, and in support thereof, states as follows:

## LEGAL STANDARD

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," otherwise the complaint should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). Plausibility does not require probability but does require something more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions. Threadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Additionally, with regard to allegations of fraud, the complaint must state with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9 (made applicable to adversary proceedings by Fed. R. Bankr. P. 7009). Circumstances constituting fraud or mistake consist of the time, place and contents of the false representations as well as the identity of the person making the misrepresentation and what he obtained thereby. *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). The requirements of Rule 9(b) apply to all cases in which the gravamen of the claim is fraud, even if the theory supporting the claim is not technically termed fraud. *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 250 (D. Md. 2000). A complaint that fails to specifically allege the time, place and nature of the alleged fraud is subject to dismissal pursuant to Rule 12(b)(6). *Id*. "This heightened pleading requirement serves to protect defendants' reputations from baseless accusations, eliminate meritless suits brought only to extract a settlement, discourage fishing expeditions, and provide defendants with enough information about a plaintiff's allegations to mount a defense." *Maguire Fin., LP v. PowerSecure Int'l, Inc.*, 876 F.3d 541, 546 (4th Cir. 2017)

(*citing Pub. Emps.' Ret. Ass'n of Colo. v. Deloitte & Touche LLP*, 551 F.3d 305, 311 (4th Cir. 2009)).

## ARGUMENT

The instant complaint relies solely on the fact that the plaintiff obtained a default judgment against the defendant in a state court action. Seemingly, the plaintiff believes that the state court's entry of a default judgment, without any specific findings of fact by the state court, automatically establishes that he has a meritorious case for nondischargeability due to fraud as allowed under 11 U.S.C. § 523(a)(2). However, the plaintiff misses that (i) the defendant did not have a full and fair opportunity to litigate the underlying state court matter and therefore he cannot be estopped from raising his defenses here, (ii) there were no relevant findings of fact in the state court action to support a claim for nondischargeability under § 523(a)(2)(A), and (iii) the state court's award of damages were not enumerated as to each claim, therefore, one cannot determine what damages were related to a claim that could possibly be nondischargeable under § 523(a)(2). Consequently, the plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### I. PLAINTIFF CANNOT USE THE DEFAULT JUDGMENT AS COLLATERAL ESTOPPEL TO ESTABLISH THE ELEMENTS OF FRAUD NECESSARY FOR NONDISCHARGEABILITY UNDER § 523(A)(2)(A).

Collateral estoppel does not apply to default judgments obtained in cases like this where the defendant did not participate in the action and therefore, did not have a full and fair opportunity to litigate the matter.

In order to stop a party from relitigating an issue, the issue sought to be precluded must be (a) the same issue that was involved in the prior action, (b) an issue that was "actually litigated" in the prior action, (c) an issue actually determined by valid and final judgment in the prior action,

and (d) the determination of that issue was essential to the prior judgment. *See* Nestorio v. Assocs. Commercial Corp., 250 B.R. 50, 55 (D. Md. 2000), *aff'd sub nom. In re Nestorio*, 5 F. App'x 283 (4th Cir. 2001) (*citing Combs v. Richardson*, 838 F.2d 112, 115 (4th Cir. 1988); *see also Murray Int'l Freight Corp.*, 315 Md. at 547. In this case, the plaintiff's attempt to use the default judgment obtained in the state court action against the defendant in this dischargeability proceeding violates at least two out of four of those requirements. It is not clear from the record presented that the issue of fraud was actually litigated in the prior action or that the issue was essential to the prior judgment. As will be made clear, the default judgment occurred without any involvement by the defendant and the state court's ruling focused principally on the breach of contract claim, not the fraud claim that would give rise to this claim for nondischargeability.

As an initial matter, the doctrine of collateral estoppel applies in dischargeability proceedings pursuant to 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 284-85 n.11 (1991); *Combs v. Richardson*, 838 F.2d 112, 115 (4th Cir. 1988) (*quoting Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir. 1981)). Collateral estoppel bars relitigation of an issue previously decided in a judicial proceeding if the party against whom the prior decision is asserted had a "full and fair opportunity" to litigate that issue in the earlier case. *Allen v. McCurry*, 449 U.S. 90, 95 (1980). Federal courts have interpreted their statutory duty under 28 U.S.C. § 1738 to give full faith and credit to state court judicial proceedings to mean that federal courts, including bankruptcy courts, must give a state court judgment the same preclusive effect it would receive in the state that issued that judgment. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379-82 (1985), *reh'g denied* 471 U.S. 1062 (1985) (ruling that 28 U.S.C. § 1738, the full faith and credit statute, "directs a federal court to refer to the preclusion law of the State in which judgment was rendered").

In Maryland, a default judgment does not establish collateral estoppel effects when the defendant did not participate in the litigation. *See Nestorio v. Associates Commercial Corp.*, 250 B.R. 50, 55-56 (D. Md. 2000) (quoting 18 Charles Alan Wright, *et al*., Federal Practice & Procedure § 4442 at 375-76 (1981) ("The prevailing view is that collateral estoppel does not apply to default judgment entered 'without further inquiry upon failure to answer.'"); *Porter Hayden Co. Bullinger*, 350 Md. 452, 713 A.2d 962 (1998) (default judgment had no preclusive effect where issues not actually litigated); *Phillip v. Reecher (In re Reecher)*, 514 B.R. 136, 153 (Bankr. D. Md. 2014) (holding that in applying the test to default judgments it matters whether the judgment was actually litigated and finding that an issue was actually litigated where the defendant filed an answer and appeared in the matter prior to the default judgment being entered); *see also United Book Press, Inc. v. Md. Composition Co.*, 141 Md. App. 460, 477, 786 A.2d 1, 11 (2001).

In this case, the defendant did not file an answer or any motions in the state court action, did not appear at any hearing, and did not have an attorney enter an appearance. As the court stated during the damages hearing on the default judgment, "the other party didn't respond, didn't show up, didn't do anything." Complaint at Ex 2 at 31: 3-5. It would be unconscionable to hold that the state court's default judgment under these circumstances would follow the defendant to another court and create additional prejudice.

Most courts hold that the "actually litigated" requirement is met when "(1) a defendant files an answer to the complaint or otherwise appears in the action, (2) the issues are submitted to a jury or finder of fact, (3) the issues are determined after the party has notice and an opportunity to be heard, and (4) the defendant had proper incentive to litigate the matter in the prior hearing and could reasonably foresee litigation on the same issue." *Nestorio*, 250 B.R. at 56 (*citing Ramsey v. Bernstein (In re Bernstein),*197 B.R. 475, 480-82 (Bankr. D. Md. 1996); *Fincher v. Holt (In re*

*Holt),*173 B.R. 806, 811-16 (Bankr. M.D. Ga. 1994); *Vaughn v. Quinn (In re Quinn),*170 B.R. 1013, 1015-17 (Bankr. E.D. Mo. 1994); *Goins v. Day (In re Day),*137 B.R. 335, 337-40 (Bankr. W.D. Mo. 1992); *Bishop v. Herwig (In re Herwig),*77 B.R. 662, 664 (Bankr. S.D. Ill. 1987); *Katahn Assocs., Inc. v. Wien (In re Wien),*155 B.R. 479, 485-86 (Bankr. N.D. Ill. 1993); 18 Wright et al., *supra,* § 4442, at 376.).

Here, the defendant did not file an answer or otherwise appear in the action and could not reasonably foresee litigation on this same issue, such as the attempted re-litigation of the alleged fraud in this nondischargeability action. Furthermore, as will be discussed *infra*, the issues relevant in this matter were not actually determined by a finder of fact. Thus, allowing the plaintiff to use collateral estoppel to expect this court to summarily accept the state court's default judgment as proof of fraud sufficient to meet the elements for nondischargeability under § 523(a)(2) would create an incongruous and absurd result.

## II. THERE WERE NO FINDINGS OF FACT IN THE STATE COURT ACTION TO SUPPORT A CAUSE OF ACTION FOR NONDISCHARGEABILITY UNDER § 523(A)(2)(A)

Plaintiff's complaint simply states that a default judgment was entered against the defendant for multiple counts, one of which being fraud, and therefore "[b]ecause the Circuit Court Judgment was based on fraud committed by the Defendant, it is not dischargeable in this action." Complaint at ¶ 14. He then seeks the total damages award of $54,117.60 to be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

The state court action alleged five counts: (i) a violation of Maryland's Consumer Protection Act, (ii) Common Law Fraud, (iii) Breach of Contract and Declaratory Judgment for Rescission, (iv) Unjust Enrichment, and (v) Conversion. After the default judgment hearing, the state court judge awarded $17,502.50 in "economic damages," $15,000 in "non-economic

damages," $21,030 in attorneys' fees, and $585.10 in costs. The court explicitly stated that it was not awarding punitive damages. In awarding these damages, the state court did not articulate which damages were for which counts. The state court did not issue a memorandum opinion or written findings of fact that would help to determine how much was awarded for each cause of action, if any at all.

The state court did, however, make some findings clear. In particular, the court said on several occasions during the damages hearing that the evidence presented supported just a traditional breach of contract action. For example, after hearing the plaintiff's presentation of the facts of the case, the court responded: "So what you've described sounds for the most part like a typical contracts claim." Complaint at Ex. 2 at 12:16-17. In light of that, the court then asked for additional evidence and testimony regarding the non-economic and punitive damages requested in the case. After hearing testimony from the plaintiff and argument from counsel, the court responded: "given that this is [a] contract claim it would be very unusual to have punitive damages in that amount based on the sole amount of the claim. So I'm not going to grant punitive damages in this case." *Id.* at 31:24-32:3.

Indeed, the state court did not make any explicit findings of fraud that would support a nondischargeability action under § 523(a)(2)(A). Instead, the state court aptly described this case as a typical breach of contract. Even if we were to take all allegations in the state court complaint as true and "actually litigated" to the point that they are preclusive against the defendant, there still is not sufficient evidence to support fraud under § 523(a)(2)(A).

"As the Fourth Circuit has explained, a creditor asserting a claim for nondischargeability under § 523(a)(2)(A) must prove five elements by a preponderance of the evidence—namely, "(1) false representation, (2) knowledge that the representation was false, (3) intent to deceive, (4)

justifiable reliance on the representation, and (5) proximate cause of damages." *Crocker v. Matthers (In re Matthews)*, 599 B.R. 838 (*citing Nunnery v. Rountree (In re Rountree)*, 478 F.3d 215, 218 (4th Cir. 2007).” The plaintiff must prove each element in order to prevail and failure to prove any one of them means a court must find that the debt in question is subject to discharge. *Id.*

The complaint in the state court action alleges that the defendant offered a vehicle for sale on an online marketplace, that the parties discussed extensive repairs needed to the vehicle to make it operable, and they agreed on an estimated a delivery date for the vehicle after completion of the repairs. *See* State Court Complaint at ¶¶ 3-5. The plaintiff paid the defendant a deposit of $15,000 “to start the build on the Vehicle.” *Id*. at ¶¶ 5-6. The plaintiff later saw the vehicle in person and noted that parts had been ordered to conduct the discussed repairs. *Id.* at ¶ 8. When the estimated delivery date neared, the defendant informed plaintiff that the subcontractor he hired to rebuild the engine “had not finished installing the engine in the Vehicle, and [the defendant] requested another few weeks to finish getting the Vehicle ready, to which [the plaintiff] agreed.” *Id.* at 10. Although the original delivery estimate was May 2022 and they had agreed on an extension, on May 24, 2022, the plaintiff asked to cancel the purchase because the car was not finished. *Id.* at 12. Nowhere in this recitation of facts are any allegations of misrepresentations. Instead, there was an agreement to purchase a vehicle that needed extensive repairs. As agreed, parts were ordered for the vehicle and repairs were undertaken. Although the defendant asked to extend the estimated delivery date because the engine was still being installed, the facts, as alleged in the Complaint, show that the plaintiff cancelled the order before the agreed upon delivery extension expired.

The State Court Complaint alleges:

> In order to induce Plaintiff to pay him the $15,000 deposit, Defendant represented that he would “start the build” and install on the Vehicle the equipment itemized in the Bill of Sale, and that the Vehicle would be “race ready” and ready for pick up the first week of May 2022.

Complaint at ¶ 33. It was these material representations that form the basis for the plaintiff's allegation of common law fraud.

Other than the fact that the vehicle was not ready for pick up the first week in May 2022, the State Court Complaint does not even allege that the other statements were false, much less that they were intended to defraud the plaintiff. Instead, the parties agreed on an *estimated* delivery date and then an extension. The plaintiff has not alleged and certainly not proven that the defendant failed to acquire and install the equipment itemized in the Bill of Sale.

As indicated by the Fourth Circuit in *Nunnery v. Rountree*, "Congress intended § 523(a)(2) to protect creditors who were tricked by debtors into loaning them money or giving them property, services, or credit through fraudulent means." 478 F.3d at 219-20. There is none of that here. What we have in this case, at best, is a breach of contract. The parties agreed upon delivery of a specific product and the defendant allegedly failed to deliver that product. Just because a contract is breached does not mean there was some nefarious intent to defraud.

The plaintiff seems particularly aggrieved because the defendant did not immediately have the full $15,000 to return to the plaintiff because he had purchased parts for the vehicle and was unwilling to refund the plaintiff from the defendant's personal savings. In light of the communications between the parties after the plaintiff terminated the contract, the plaintiff has gone back and retroactively inferred an intent to deceive from the outset of the contractual relationship. None of this was proven in the state court litigation.

The plaintiff likely thought that it was not necessary to fully litigate the issue of fraud and to establish each of the necessary elements because he obtained his damages award by default principally on the breach of contract action. That may be sufficient to support and allow for collection on the state court judgment, but now that he wants to obtain an order from this Honorable

Court that the judgment is conclusively nondischargeable as fraud, the plaintiff must prove each element necessary to establish such under § 523(a)(2)(A).

## III. THE COMPLAINT FAILS TO PLEAD FRAUD WITH PARTICULARITY AND MUST BE DISMISSED

For many of the same reasons there were no findings of fact in the state court action sufficient to support a cause of action under § 523(a)(2)(A), the Complaint in this case is also deficient and fails to state a claim upon which relief can be granted. Allegations of fraud must be pled with particularity so as to protect defendants from meritless attacks on their reputations and warrantless fishing expeditions. Fed. R. Civ. P. 9 (made applicable to adversary proceedings by Fed. R. Bankr. P. 7009); *see Maguire Fin.*, 876 F.3d at 546. Each allegation of fraud must specify the time, place, and contents of the false representations, as well as the identity of the person making the alleged misrepresentation and what that person obtained from making such a misrepresentation. *See Willner*, 849 F.3d at 112.

The Complaint filed with this Honorable Court makes no specific allegations of fraud. At best, it incorporates, by reference, the complaint filed with the state court. That complaint is also deficient and a motion to dismiss would likely have been successful in that case had the defendant had an opportunity to participate.

The Complaint filed with this Court states only that "[b]ecause the Circuit Court Judgment was based on fraud committed by the Defendant, it is not dischargeable in this action." Complaint at ¶ 13. No specific facts are alleged in the Complaint, much less time, place, identity, and benefit from each alleged misrepresentation. The State Court Complaint is not much better. While it does recite some of the background story, no specific misrepresentations are mentioned. As explained in subsection II, *supra*, Count II of the State Court Complaint states only that "In order to induce Plaintiff to pay him the $15,000 deposit, Defendant represented that he would "start the build" and

install on the Vehicle the equipment itemized in the Bill of Sale, and that the Vehicle would be "race ready" and ready for pick-up the first week of May 2022." *Id.* at Ex. 1 at ¶¶ 22. Despite characterizing these as misrepresentations, the State Court Complaint acknowledges that the defendant did order parts for the vehicle as necessary to "start the build" and that the parties agreed to an extension to the estimated delivery date.

This case is about what the defendant allegedly did not do after he arguably became contractually bound to do so. He did not misrepresent that he owned the vehicle. He did not misrepresent the condition of the vehicle. He did not misrepresent that he would complete the necessary repairs, and, in fact, the State Court Complaint acknowledges that the parts were ordered and that the engine was in the process of being installed. Failing to complete a project does not automatically mean there was misrepresentation in the original inducement to enter into the project. All that has been alleged here is that the project was not completed and that the plaintiff was not refunded. There is speculation as to why the defendant did not have sufficient liquidity to immediately refund the plaintiff (assuming he was entitled to a refund), but that lends nothing to the argument that there was misrepresentation in the inducement. Again, as the state court correctly noted, this is a run of the mill breach of contract case – not fraud.

There is simply nothing in this Complaint or in the State Court Complaint to meet the burden of pleading fraud with particularity. No specific misrepresentations are identified. All we have is a vague conclusion that there must have been fraud because the defendant did not complete the project within the estimated time frame and could not immediately refund the plaintiff when the plaintiff pulled out of the project suddenly despite agreeing to an extension. That is not enough to satisfy Rule 9. Consequently, the Complaint should be dismissed.

WHEREFORE, Defendant Paul Chittum, Jr., respectfully moves this Court to dismiss the Complaint against him for failing to state any claim for which relief can be granted and any further relief which this Honorable Court deems just and necessary.

Date: December 16, 2024

/s/ William A. Grafton, Esq.
William A. Grafton, Esq. (#30205)
Grafton Firm, LLC
920 Providence Rd, Ste 100
Towson, MD 21286
(410) 870-9315
wgrafton@graftonfirm.com

## REQUEST FOR HEARING

Defendant, Paul Chittum, Jr., by his undersigned counsel, respectfully requests a hearing on his Motion to Dismiss.

/s/ William A. Grafton, Esq.
William A. Grafton, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December 2024, the following persons or entities were served a copy of the Motion to Dismiss via **First Class Mail**, postage prepaid, as listed below:

Matthew W. Fogleman, Esquire
2200 Research Boulevard, Suite 560
Rockville, Maryland 20850

/s/ William A. Grafton, Esq.
William A. Grafton, Esq.